UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

        Plaintiff,

  v.

BRIAN FOSTER, *et al.*,

        Defendant.

Case No. 19-cv-1659-pp

---

## ORDER ALLOWING THE PLAINTIFF TO PROCEED WITHOUT PAYMENT OF A PARTIAL FILING FEE

---

The plaintiff is a prisoner, and represents himself. He filed the complaint in this case. Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. §1914(a). It also requires a party filing a complaint to pay a $50 administrative fee. Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective May 1, 2013, #14.

The plaintiff has filed a petition asking the court for leave to proceed *in forma pauperis*—he has alleged that he is unable to pay the above filing fee. The law does not allow the court to waive the filing fee in full for a prisoner. Rather, it says that if the court determines that the prisoner qualifies for *in forma pauperis* status, (a) the $50.00 administrative fee is waived, and (b) the court may allow the prisoner to pay the $350.00 by paying an initial partial filing fee, followed by monthly installments, until the $350.00 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for

1

the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. §1915(b).

In this case, the plaintiff has filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint, as required by 28 U.S.C. §1915(a)(2). That statement shows that for that six-month period, both the average monthly deposit in the account and the average monthly balance in the account were **zero**. The plaintiff has neither the assets nor the means to pay an initial partial filing fee.

A prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee. 28 U.S.C. §1915(b)(4). The plaintiff will be granted a waiver of payment of the initial partial filing fee in this case. However, he is still obligated to pay the full filing fee under the statutory formula set forth in 28 U.S.C. §1915(b)(2). <u>See</u> 28 U.S.C. §1915(b)(1).

The Prison Litigation Reform Act provides that if a prisoner files more than three actions which the court later dismisses as frivolous or malicious, or for failure to state a complaint upon which relief can be granted, the law prohibits the prisoner from bringing any other actions *in forma pauperis* (unless the prisoner is in imminent danger of serious physical injury). 28 U.S.C. §1915(g). Thus, if the court ends up dismissing this lawsuit for any of those reasons, that dismissal will have an impact on the plaintiff's ability to proceed *in forma pauperis* in other lawsuits. For this reason, the plaintiff may wish to voluntarily dismiss the lawsuit, to avoid the risk of the court dismissing the lawsuit.

If the plaintiff does not want to pay the $350 filing fee in installments as the court described above, or if the plaintiff wants to voluntarily dismiss the

lawsuit to avoid having the court dismiss it later as frivolous or malicious or failing to state a claim, the plaintiff must, **on or before the date specified at the end of this order**, file a letter with the Clerk of Court, stating that the plaintiff does not wish to prosecute the lawsuit. If the plaintiff writes such a letter by the deadline specified at the end of the order, the court will dismiss the case without prejudice (and that dismissal will not count against the plaintiff in future requests to proceed *in forma pauperis*).

The court will send a copy of this order to Waupun Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the plaintiff will not be required to pay an initial partial filing fee. The court further **ORDERS** that if the plaintiff does not wish to continue with this lawsuit, then on or before **December 3, 2019**, the plaintiff must write a letter to the clerk of court asking to voluntarily dismiss the case. Once the time to receive the letter has expired, the court will review the complaint to determine whether to grant the plaintiff leave to continue *in forma pauperis*. The court also will review the complaint to determine whether the lawsuit is frivolous or malicious or fails to state a claim upon which relief can be granted; if the court concludes that the complaint does not meet this standard, the court will dismiss the complaint.

Dated in Milwaukee, Wisconsin this 12th day of November, 2019.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**